1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN ADAMS | ) | CV F- 06-1826 AWI DLB P |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT FOR FAILURE TO |
| v. | ) | STATE A CLAIM, WITH LEAVE TO |
| | ) | AMEND WITHIN 30 DAYS |
| JAMES YATES, et. al., | ) | |
| | ) | (Doc. 12) |
| Defendants. | ) | |
| _____ | ) | |

I.      Screening Order

    A.      Screening Requirement

        Plaintiff Kevin Adams ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 15, 2006.  On May 31, 2007, plaintiff filed an amended complaint, which is the subject of the court's screening below. (Doc. 12).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5    exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

6    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

7    plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

8    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

9    grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

10   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

11   the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

12   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

13   the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

14   353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

15   Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

16   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

17   2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

18   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

19   complaint may not supply essential elements of the claim that were not initially pled."  Bruns v.

20   Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents,

21   673 F.2d 266, 268 (9th Cir. 1982)).

22          B.    Plaintiff's Eighth Amendment Medical Care Claim

23          Plaintiff was an inmate at Pleasant Valley State Prison when the events at issue in this action

24   allegedly occurred.  The defendants named in this action are Warden James Yates, M.T.A. Plaza,

25   Plant Operations Supervisors, and Registered Nurse Chavez.  Plaintiff is seeking money damages.

26   The claim in this action arises from the defendants' alleged failure to provide plaintiff with adequate

27   medical treatment for his broken ankle.

28

1    Plaintiff alleges that defendant Warden Yates' responses to plaintiff's injury were

2   uneffective, unprofessional, and medically incompetent. (Doc. 12, p. 5).  Plaintiff alleges that

3   defendant "Plant Operations Supervisors" poorly designed the cells and bunks, which led to

4   plaintiff's injury. (Doc. 12, p.5 ).  Plaintiff alleges that defendant Plaza prevented plaintiff from

5   receiving adequate emergency treatment, by failing to inform the medical staff of his condition. (Doc

6   12, p.3). Plaintiff further alleges that defendants Plaza and Chavez attempted to sell to plaintiff a soft

7   ankle support which plaintiff was not permitted to possess without prior approval (Doc. 12, p.7),

8   denied doing so when plaintiff filed a grievance, and stated that plaintiff had refused medical

9   treatment by not purchasing a bandage. (Doc. 12, p.7).

10    The Civil Rights Act under which this action was filed provides:

11           Every person who, under color of [state law] . . . subjects, or causes to
             be subjected, any citizen of the United States . . . to the deprivation of
12           any rights, privileges, or immunities secured by the Constitution . . .
             shall be liable to the party injured in an action at law, suit in equity, or
13           other proper proceeding for redress.

14   42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

15   Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

16   (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the

17   deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

18   Section 1983 offers no redress." Id.

19    Section 1983 plainly requires that there be an actual connection or link between the actions of

20   the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

21   Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A

22   person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,

23   if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform

24   an act which [that person] is legally required to do that causes the deprivation of which complaint is

25   made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d

26   740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some

27   kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts

28

1    by others which the actor knows or reasonably should know would cause others to inflict the

2    constitutional injury.'" Id. (quoting Johnson at 743-44).

3         Plaintiff's claim involves his medical care and therefore falls within the purview of the

4    Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth

5    Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."

6    Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does

7    not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the

8    prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted

9    with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

10   (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official

11   does not act in a deliberately indifferent manner unless the official "knows of and disregards an

12   excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate

13   indifference may be manifested "when prison officials deny, delay or intentionally interfere with

14   medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin

15   v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

16   Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in

17   receiving medical treatment, the delay must have led to further harm in order for the prisoner to

18   make a claim of deliberate  indifference to serious medical needs. McGuckin, 974 F.2d at 1060

19   (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

20        Plaintiff has not alleged any facts which would support a claim that the named defendants

21   "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

22   "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard,

23   the prison official must not only 'be aware of the facts from which the inference could be drawn that

24   a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057

25   (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was

26   not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

27   (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Further, "[a]

28

1   difference of opinion between a prisoner-patient and prison medical authorities regarding treatment

2   does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981)

3   (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors

4   chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in

5   conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330,

6   332 (9th Cir. 1986) (internal citations omitted).

7            C.      Conclusion

8            The court finds that plaintiff's complaint does not state a claim upon which relief may be

9   granted under section 1983 for violation of the Eighth Amendment.  The court will provide plaintiff

10  with the opportunity to file a second amended complaint curing the deficiencies identified by the

11  court in this order.

12           Plaintiff is informed he must demonstrate in his complaint how the conditions complained of

13  have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

14  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.

15  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

16  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);

17  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

18  1978).

19           Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

20  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

21  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

22  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

23  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of

24  each defendant must be sufficiently alleged.

25  ///

26  ///

27  ///

28

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.    If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:** __**March 24, 2008**__                    _____**/s/ Dennis L. Beck**_____
                                                                    UNITED STATES MAGISTRATE JUDGE